ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

CASEY BOOME (NYBN 5101845)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6627
FAX: (415) 436-7234
Email: casey.boome@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br> VICTOR TURK, <br><br> Defendant. | Case No. CR 18-0463-CRB <br><br> [~~PROPOSED~~] ORDER DETAINING DEFENDANT VICTOR TURK PRIOR TO TRIAL |

On September 27, 2018, the Grand Jury voted to approve an Indictment charging the defendant with Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and Carrying or Possessing a Firearm During and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). The defendant made his initial appearance on October 17, 2018, and on November 21, 2018, this Court held a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Daniel P. Blank.

Pretrial Services submitted a report that recommended detention, citing both the defendant's risk of non-appearance and danger to the community. A Pretrial Services Officer was present at the hearing.

The Government moved for detention, and the defendant opposed. The parties submitted proffers and arguments. Upon consideration of the Pretrial Services report and the parties' proffers at the detention hearing, the Court finds by a preponderance of the evidence that the defendant poses a risk of flight and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders the defendant, Victor Turk, detained pending trial.

The Court bases this Order on the defendant's prior felony convictions for assault, burglary, robbery, and other crimes, and the defendant's history of non-compliance with the requirements of prior periods of community supervision. The Court further bases its Order on the significant penalties associated with the crimes alleged in the Indictment, including a ten-year mandatory minimum sentence of incarceration, and a potential maximum sentence of life in prison. The Court carefully considered the defendant's proposal of in-patient drug treatment as an alternative to detention. Given the factors set forth above, however, the Court orders the defendant detained.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons, as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, on the record before it, there is no condition or combination of conditions of release that can reasonably assure the safety of any other person and the community and

the defendant's appearance as required.  Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

    (1) the defendant is committed to the custody of the United States Marshals Service for confinement in a correctional facility;

    (2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

    (3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

November  28 , 2018

HON. THOMAS S. HIXSON
United States Magistrate Judge