1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  CASEY BOOME (NYBN 5101845)
   Assistant United States Attorney
5
         450 Golden Gate Avenue, Box 36055
6        San Francisco, California 94102-3495
         Telephone: (415) 436-6627
7        FAX: (415) 436-7234
         Email: casey.boome@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>VICTOR TURK,<br><br>    Defendant. | CASE NO. CR 18-463 CRB<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date: July 31, 2019<br>Time: 1:30 pm<br><br>Hon. Charles R. Breyer |

## I. INTRODUCTION

On July 31, 2019, defendant Victor Turk will appear before this Court to be sentenced after his pleas of guilty to one count of Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of Carrying or Possessing a Firearm During and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). For the reasons set forth below, the government respectfully requests that the Court sentence the defendant to 137 months of incarceration – the low-end of the applicable Guidelines range – and that the Court refer the defendant to the Bureau of Prisons' Residential Drug Abuse Program (RDAP).

## II. OFFENSE CONDUCT

On August 10, 2018, officers of the San Francisco Police Department observed the defendant in the driver's seat of a vehicle parked in a red zone. PSR ¶ 7. During the encounter that ensued, officers searched the defendant's vehicle and recovered 79.4 grams of methamphetamine, which was separated into multiple plastic bags, a functioning digital scale located between the center console and the driver's seat, and additional plastic bags located inside the center console. PSR ¶¶ 8-9. Police also recovered a loaded .38 caliber revolver and a methamphetamine pipe from the area underneath the driver's seat, as well as a box containing forty-five .38 caliber Winchester cartridges located in the rear seat area. *Id.*

## III. APPLICABLE GUIDELINES RANGE

The PSR accurately sets forth the Guidelines calculation. PSR ¶ 14-28. Counts One and Two each carry a mandatory minimum prison sentence of 60 months. PSR ¶¶ 72-73. The Court's sentence on Count Two must run consecutively to the sentence imposed on Count One. PSR ¶ 73. Based on a total offense level of 21 and a criminal history category of VI, the Guidelines imprisonment range for Count One is 77 to 96 months. PSR ¶ 74. As such, the combined applicable Guidelines range for Counts One and Two is 137 to 156 months.

## IV. SECTION 3553(a) FACTORS

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a). *United States v. Carty*, 520 F.3d

UNITED STATES' SENTENCING MEMORANDUM
2

984, 991 (9th Cir. 2008). Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, § 3553(a)(2)(A); the need for the sentence imposed to afford adequate deterrence to criminal conduct, § 3553(a)(2)(B); the need for the sentence imposed to protect the public from further crimes of the defendant, § 3553(a)(2)(C); and the need to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(D).

## V.   SENTENCING RECOMMENDATION

### A.   Term of Incarceration

A significant term of incarceration is necessary to protect the public from future crimes of the defendant, to deter the defendant from engaging in additional criminal conduct, and to ensure that the defendant receives needed treatment and counseling. At the same time, the defendant's fulsome acceptance of responsibility, together with his history of substantially untreated drug addiction and mental health issues, mitigate in favor of a sentence at the low-end of the Guidelines range. Taking into account all of these factors, in the government's view, a sentence of 137 months is sufficient but not greater than necessary to achieve the goals of sentencing.

The seriousness of the defendant's conduct warrants a significant period of incarceration. On August 10, 2018, the defendant was using his Lexus sedan as a drug-dealing command center, complete with all the necessary tools of the trade, including methamphetamine, a digital scale, bags for street-level distribution, cash, and a loaded revolver under the driver's seat. The drug trade is a dangerous business in which robberies are common and disputes can escalate into violent encounters that present a significant danger to the community. This danger is heightened where, as here, the participants in the illicit drug trade possess loaded firearms within arm's reach.

The defendant's criminal history also weighs in favor of a substantial prison term. The defendant has sustained ten total prior convictions – six felonies and four misdemeanors – for offenses including identify theft, robbery, burglary, and drug possession. PSR ¶¶ 27-36. To this point in his life,

prior forms of community supervision have been insufficient to deter the defendant from committing new crimes. Indeed, five of the defendant's ten convictions resulted from crimes that he committed while on probation (PSR ¶¶ 27-28), parole (PSR ¶¶ 35-36), or pre-trial release (PSR ¶32).

At the same time, the history and characteristics of the defendant present mitigating factors that weigh in favor of a sentence at the low-end of the Guidelines range. First, the defendant promptly accepted responsibility for his crimes and submitted a written statement to the Probation in which he expresses remorse and appears to recognize the destructive effects of substance abuse in his life. PSR ¶ 12. Second, despite the fact that the defendant admits that he has been smoking methamphetamine "24/7 off and on since (he) was 19 years old" (PSR ¶ 12) the defendant has only participated in one meaningful drug treatment program in 2011 (PSR ¶ 60). For this reason, the government supports Probation's recommendation that the defendant participate in RDAP while in custody. Finally, after his August 10, 2018 arrest in this case, the defendant was diagnosed with several mental health disorders that have apparently gone untreated up to this point in his life. The government is hopeful that this new mental health diagnosis, together with intensive and highly-structured drug treatment, will create circumstances under which the defendant will be able to change the trajectory of his life following his release from custody.

### B. Supervised Release

The government concurs with the recommendation in the PSR that the defendant should be sentenced to a term of five years of supervised release to follow a term of custody.

The parties agree that an enhanced search condition authorizing suspicionless searches is appropriate in this case given defendant's criminal history and his conduct in this case. As such, the government requests that the Court include the following special search condition in the conditions of supervised release:

> Special Condition (Searches)
>
> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the

UNITED STATES' SENTENCING MEMORANDUM

4

premises may be subject to searches.

**C.  Fine, and Special Assessment**

The government concurs with Probation that the defendant appears unable to pay a fine and that such fine should be waived. The defendant is also subject to a mandatory special assessment of $200, $100 for each count.

**D.  Forfeiture**

The parties agree that the following property is subject to forfeiture: one 38 caliber revolver with serial number AN110688 and all ammunition seized in or with the firearm, including but not limited to 45 rounds of Winchester .38 caliber ammunition; one digital scale; and $2,911 in drug proceeds.

**VI.  CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court sentence Victor Turk to a term of 137 months in prison, participation in RDAP, five years of supervised release, no fine, and a $200 special assessment.

DATED: July 24, 2019                                  Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　DAVID L. ANDERSON
　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　          /s/
　　　　　　　　　　　　　　　　　　　　　　　　CASEY BOOME
　　　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM

5