IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VICTOR TURK,<br>Defendant. | Case No. 18-cr-00463-CRB-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Victor Turk is an inmate in the custody of the Bureau of Prisons, currently housed at USP Lompoc. See Mot. (dkt. 34) at 2. Mr. Turk seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he "suffers from a severe medical condition that places him at high risk of a severe illness or death should he contract COVID-19." Id. at 1. Specifically, he points to his diagnosis of Non-Rheumatic Aortic Stenosis, "an abnormality of the aortic valve," which "degenerates over time." Id. The government does not dispute that Mr. Turk's medical condition constitutes an extraordinary and compelling reason for his release. See Opp'n (dkt. 38) at 6. The government nonetheless opposes the motion because, it argues, Mr. Turk is a danger to the community, and the 18 U.S.C. § 3553(a) factors do not weigh in his favor. Id. at 7–11.

The Court agrees with the government, determining that Mr. Turk has not satisfied the requirements of the statute and the applicable Sentencing Commission policy statement. Mr. Turk's motion for compassionate release is therefore denied. There is no need for oral argument on this matter.

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion . . . after "the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances, the first of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). The application notes to U.S.S.G. § 1B1.3 enumerate five circumstances that establish "extraordinary and compelling reasons" to reduce a defendant's sentence, one of which applies here: "extraordinary and compelling reasons are met if a defendant has "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

A reduction in sentence under § 3582(c) must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). The applicable Sentencing Commission policy statement, U.S.S.G. § 1B1.13, directs that a court may only grant compassionate release if it determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Turk has not satisfied all of these requirements.[1]

Most significant, the Court cannot determine with confidence that Mr. Turk is not a danger

---

[1] Mr. Turk has exhausted his administrative remedies because more than thirty days have lapsed since he submitted his request for compassionate release to the warden of his facility. See Mot. at 2 (Mr. Turk submitted a request to the warden and was denied on August 14, 2020); see also Opp'n at 1 (agreeing that Mr. Turk has exhausted). Moreover, "extraordinary and compelling reasons," as defined by the applicable Sentencing Commission policy statement, "warrant . . . a reduction." See 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Turk's heart condition puts him at serious risk. See CDC, "People With Certain Medical Conditions," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions (last visited Sept. 25, 2020) ("Serious Heart Conditions" increase one's risk of severe illness from COVID-19). To its credit, the government agrees. See Opp'n

2

to the community. 18 U.S.C. § 3142(g) sets forth the four factors for determining dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Mr. Turk was convicted of possession with intent to distribute 50 grams or more of methamphetamine, and of carrying or possessing a firearm during and in furtherance of a drug trafficking crime. See Judgment (dkt. 32). When he was stopped by police, "he was using his Lexus sedan as a drug-dealing command center, complete with all the necessary tools of the trade, including methamphetamine, a digital scale, cash, and a loaded revolver under the driver's seat." See Opp'n at 7; PSR (dkt. 28) ¶¶ 7–9. Mr. Turk pled guilty, so there is no dispute about the weight of the evidence against him. Plea Agreement (dkt. 26); Change of Plea Hearing (dkt. 27).

Mr. Turk's history and characteristics are significant. At the time of sentencing, Mr. Turk had ten prior convictions—six felonies and four misdemeanors. PSR ¶¶ 27–36. These convictions include knifepoint robberies in 2002 and a first degree burglary in 2011 in which he broke into an ex-girlfriend's house and assaulted her in her sleep. Id. Five of his convictions resulted from crimes committed while he was on probation or pretrial release. See PSR ¶¶ 28, 29, 32, 35–36. Indeed, Mr. Turk was on parole when he committed the offenses of conviction in this case. Id. ¶¶ 36, 38. At Mr. Turk's detention hearing, Magistrate Judge Hixson found "by clear and convincing evidence . . . that no condition or combination of conditions will reasonably assure the safety of the community." See Order of Detention (dkt. 13). And the Bureau of Prisons has deemed him at "high risk" of recidivism. See Boome Decl. (dkt. 38-1) Ex. E at 1. The nature and seriousness of the danger that Mr. Turk poses is, chiefly, an increase of drugs and firearms in the community—a substantial danger.

The Court has also considered the applicable sentencing factors from 18 U.S.C. § 3553(a) and finds that they are inconsistent with granting Mr. Turk's motion. As discussed above, Mr. Turk's history and characteristics do not favor release. See 18 U.S.C. § 3553(a)(1). In addition, Mr. Turk has also only served two years and two months, or 21.3 percent, of the 10-year sentence he received. See Opp'n at 3, 10; Judgment at 2–3. Such a short sentence would not reflect the

seriousness of his offense, sufficiently protect the public, or provide an adequate deterrence. See 18 U.S.C. § 3553(a)(2).

For the foregoing reasons, Mr. Turk's motion for compassionate release is DENIED.

**IT IS SO ORDERED.**

Dated: October _5_, 2020

CHARLES R. BREYER
United States District Judge